AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | |
|---|---|
| United States of America<br>v.<br>Erika Hewitt<br><br>*Defendant(s)* | ) ) ) ) ) ) ) <br>Case No.  4:20-mj-71872-MAG |

FILED
Dec 17 2020
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of  September 21, 2020  in the county of  Alameda County  in the
Northern  District of  California , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 922(g)(1) | Felon in Possession of Firearm and Ammunition<br><br>Maximum Penalties: 10 years' imprisonment, maximum $250,000 fine, maximum 3 years' supervised release, $100 special assessment, forfeiture |

This criminal complaint is based on these facts:

See attached affidavit of ATF Special Agent Andrew Balady

☑ Continued on the attached sheet.

Approved as to form /s/ *Molly K. Priedeman*
AUSA   Molly K. Priedeman

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by phone.

Date:  December 17, 2020

City and state:    Oakland, California

*/s/ Andrew Balady*
*Complainant's signature*

Andrew Balady, ATF
*Printed name and title*

*Kandis Westmore*
*Judge's signature*

Hon. Kandis A. Westmore
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF APPLICATION FOR A CRIMINAL COMPLAINT

I, Andrew Balady, Special Agent, Bureau of Alcohol, Tobacco, Firearms and Explosives, being duly sworn state:

### I.     INTRODUCTION

1. I make this affidavit in support of a criminal complaint charging Erika HEWITT with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). For the reasons stated below, I submit that there is probable cause to believe that, on or about September 21, 2020 HEWITT possessed a Glock Model 34 pistol and approximately 25 rounds of 9mm Luger ammunition in the Northern District of California.

2. The information contained within this affidavit is based upon information I have gathered in my investigation, my personal observations, my training, experience and information received from other law enforcement officers. I believe these sources to be reliable. Because this affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included each and every fact known to me concerning this investigation. I have set forth only those facts that I believe are necessary to establish probable cause to believe that there has been a violation of 18 U.S.C. § 922(g)(1) for felon in possession of a firearm and ammunition. Further, my understanding of the significance of certain events and facts may change as the investigation progresses.

### II.     AFFIANT'S TRAINING AND EXPERIENCE

3. I am a Special Agent ("SA") of the United States Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and have been so employed since July 2017. I am a law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7). I am a graduate of the Federal Law Enforcement Training Center Criminal Investigator Training

Program and the ATF National Academy Special Agent Basic Training Course. My duties include the investigation of criminal violations of federal firearms, explosives, and arson laws, as well as those involving violent crime. I am also an ATF Firearms Interstate Nexus Expert, in which I have received 40 hours of training the identity and origin of firearms and ammunition. Prior to being an ATF Special Agent, I was employed as a police officer with the Belmont, California Police Department from approximately September 2013 to May 2017. During my employment with the Belmont Police Department, I was assigned to the Patrol Division as a patrol officer and I had the collateral duty of being an Evidence Technician in the Crime Scene Unit.

4. As an ATF Special Agent, I have conducted and participated in both state and federal investigations involving the possession of firearms and ammunition by convicted felons. I have investigated and assisted in the prosecution of criminal street gangs engaged in illegal narcotics/firearms trafficking, as well as the criminal possession and use of firearms. During these investigations, I have participated in various types of investigative techniques, including electronic surveillance; undercover agents and informants; and controlled purchases of firearms and narcotics from suspects. I have participated in physical surveillance operations and have participated in the execution of state and federal arrest warrants and search warrants. I have reviewed numerous law enforcement reports. In addition to utilizing the aforementioned investigative techniques, I have been required during these investigations to analyze information resulting from traditional record searches, pen registers and trap and trace devices, financial records, utility records, and telephone toll and subscriber records. I have interviewed individuals, as well as conferred with other law enforcement officers about the slang, codes, symbols, graffiti, and dress of gang members, criminals' use of telephones, e-mails, and other

methods of communication to conduct their criminal activities, and criminals' use of false and fictitious identities to thwart law enforcement investigation of their activities.

5.  The information in this affidavit, including the opinions which I have formed and statements set forth herein, is based upon my training and experience in the field of firearms and illegal narcotics investigations, personal participation during the course of this investigation, knowledge obtained from investigative reports, reliable sources of information relative to this investigation, consultation with other experienced local and Federal law enforcement officials, and upon my examination and review of various reports and other records. Unless otherwise noted, when I assert that a statement was made, I have either heard the statement directly or listened to a recording of the statement, or the statement was reported to me by another law enforcement officer, either directly or indirectly in a written report. The officer providing me with the information may have received the information by way of personal knowledge or from another source.

### III.   APPLICABLE LAW

6.  Title 18 U.S.C. § 922(g) prohibits a person from (1) knowingly possessing a firearm or ammunition, (2) that has been shipped or transported from one state or another or between a foreign nation and the United States, and (3) that at the time the individual possessed the firearm or ammunition, the individual knew that he had been convicted of a crime punishable by imprisonment exceeding one year (i.e., a felony).

### IV.   FACTS SUPPORTING PROBABLE CAUSE

#### A.   HEWITT Possessed a Firearm and Ammunition on September 21, 2020

7.  On or about September 21, 2020, California Highway Patrol (CHP) Officers responded to reports of a collision in the area of Interstate 880 northbound and Alvarado-Niles

Boulevard in Union City, California. Officers located a female, later identified as HEWITT, unconscious in the driver seat of a white Ford Expedition, with the engine running and the transmission in drive. HEWITT was the sole occupant of the vehicle.

8. Medical personnel arrived on scene and removed HEWITT from the vehicle. HEWITT was transported to Eden Medical Center by medical personnel. During transport, medical personnel administrated Narcan[1] to HEWITT. The Narcan revived HEWITT and stabilized her.

9. CHP officers initiated a DUI (driving under the influence) investigation in connection with the incident. A records check of HEWITT revealed she was on county probation with full search terms. Medical personnel who transported HEWITT provided CHP officers with a backpack. The backpack had been obtained from HEWITT's vehicle and transported to the hospital with her. Of note, CHP officers at collision scene had observed the backpack resting on the center console next to the driver seat.

10. As part of their DUI investigation, officers searched the backpack and located multiple large bags of marijuana (later determined to weigh approximately 1,024.7 grams), a loaded Glock Model 34, 9mm pistol (bearing serial number BBMW584) with an extended magazine containing approximately 25 rounds of 9mm Luger cartridges (approximately 10 cartridges were CCI brand and approximately 15 cartridges were Sellier & Bellot brand ammunition). Officers later discovered a digital scale with suspected marijuana residue and a package of small plastic baggies in the backpack. Based on my training and experience, these items are consistent with possession of controlled substances for sale; drug dealers often use

---

[1] Narcan is an antidote that reverses an opioid overdose.

4

BALADY AFF. ISO OF CRIMINAL COMPL.
**[UNDER SEAL]**

scales to accurate measure the amount of controlled substances sold and use plastic baggies to separate out the amounts to sell to customers.

11. HEWITT told a CHP officer that the vehicle was hers and all of the contents inside the vehicle were also hers. When an officer subsequently advised HEWITT about the backpack and its contents, HEWITT immediately stated that it was not hers and belonged to her friend "Joe," whom she had driven earlier and dropped off. Based on my training, experience, and common sense, I know that individuals will sometimes falsely retract ownership of contraband in an effort to avoid potential legal consequences.

### B. The Firearm and Ammunition Possessed by HEWITT Traveled Interstate Commerce

12. I consulted with an ATF expert who informed me that the firearm and ammunition were manufactured outside of California and therefore must have crossed state lines to be located in California.

### C. HEWITT's Felony Convictions

13. I have reviewed HEWITT's criminal history as part of my investigation. HEWITT has been convicted of crimes punishable by a term of imprisonment exceeding one year. On or about May 2, 2019, HEWITT was convicted of violating California Penal Code § 29800(a)(1) – Possession of a Firearm by a Felon and sentenced to two years imprisonment. Based on the length of the imposed sentence, I believe there is probable cause that HEWITT knew she was a felon.

### V. CONCLUSION

14. Based upon the foregoing, I submit that there is probable cause to believe that Erika HEWITT has violated 18 U.S.C. § 922(g)(1) for felon in possession of a firearm and

ammunition.

Under penalty of perjury, I swear that the foregoing is true and correct to the best of my knowledge, information, and belief.

*/s/ Andrew M. Balady*
ANDREW M. BALADY
Special Agent
Bureau of Alcohol, Tobacco, Firearms, and Explosives


Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by phone on 17th day of December, 2020.

*Kandis Westmore*
HON. KANDIS A. WESTMORE
United States Magistrate Judge

BALADY AFF. ISO OF CRIMINAL COMPL.
**[UNDER SEAL]**