DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

MOLLY K. PRIEDEMAN (CABN 302096)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    Fax: (415) 637-3724
    Molly.Priedeman@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3:20-mj-71872 MAG |
| Plaintiff, | MEMORANDUM IN SUPPORT OF THE UNITED STATES'S MOTION FOR DETENTION |
| v. | |
| ERIKA HEWITT, | Date: December 24, 2020<br>Time: 10:30 a.m.<br>Court: Honorable Susan van Keulen |
| Defendant. | |

      Erika Hewitt is a convicted felon and a gang member with a history of violence, including a prior robbery where she violently pistol whipped a victim. Hewitt is also actively trafficking marijuana and suspected fentanyl. Hewitt's history of violence, her continued possession of firearms, and evidence of drug trafficking, as well as her conduct in the underlying case, are clear and convincing evidence that she is a danger to the community and no condition or combination of conditions can reasonably assure the safety of the community. Accordingly, the Court should order Hewitt detained pending trial.

# BACKGROUND

## I. OFFENSE CONDUCT

On September 21, 2020, California Highway Patrol (CHP) Officers responded to reports of a collision in Union City, California. Officers located a female, later identified as Hewitt, unconscious in a vehicle. Hewitt was the sole occupant. Hewitt was transported to the hospital. During transport, Hewitt was given Narcan which revived and stabilized Hewitt. At the time Hewitt was on county probation. At the time of her crash, Hewitt was in possession of a backpack that was later found to contain multiple bags of marijuana weighing approximately 1,024.7 grams, a digital scale, small baggies, and a loaded Glock Model 34, 9 mm pistol (bearing serial number BBMW584) with an extended magazine containing approximately 25 rounds of 9 mm Luger cartridges.

On December 17, 2020, Hewitt was charged, via complaint, with being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. 922(g)(1).

## II. CRIMINAL HISTORY

Hewitt is a convicted felon with a history of violent conduct. In 2017, she was convicted of violating California Penal Code 211 – Second Degree Robbery and was sentenced to 58 days imprisonment and five years of probation. In 2019, she was convicted of violating California Penal Code Section 29800(a)(1) – Possession of a Firearm by a Felon and sentenced to two years imprisonment.

The circumstances of the 2017 robbery conviction are particularly alarming. On or about July 26, 2017, Hewitt contacted the victim and arranged to purchase marijuana from the victim. After the victim got in the backseat of a vehicle occupied by Hewitt and others, he showed the marijuana to Hewitt, and Hewitt and another passenger hit him repeatedly in the face with handguns and robbed him of the marijuana in his possession. The victim was transported to the hospital by his mother.

Hewitt remains an active danger to the community. On December 19, 2020, Hewitt was arrested on a federal warrant. Subsequent to her arrest, officers found a backpack, believed to belong to Hewitt in her father's car, containing a firearm, marijuana, and cough syrup laced with codeine. The bag contained women's underwear and a teeth molding believed to match a gold crown molding found on Hewitt during a search incident to arrest.

### III. GANG AFFILIATIONS AND SOCIAL MEDIA EVIDENCE OF DRUG TRAFFICKING

Hewitt is a known Norteno gang member. Specifically she is known to be a member of Irvington – XIV, a Fremont Norteno gang. On May 14, 2020, Fremont Police Department officers observed a Norteno music video on Youtube. Throughout the music video, several individuals made gang/firearms related comments such as "red rags," "flamed up from my head down to my shoe laces (a reference to wearing red clothing to represent nortenos), "big thang on my waistline" (reference to firearms being carried in their waistbands), "40 cal kicks like a bassline" (reference to a 40 cal. Handgun's recoil" and "Don't call me no ese, bitch it's that Norte (reference to not being a regular "ese" but a norteno). At approximately the one minute and 35 second mark of the video, Hewitt is seen holding several hundred-dollar bills in her left hand and with her right is making a hand gesture commonly used by Irvington-XIV Norteno gang members. At one minute and 44 seconds, Hewitt can be seen displaying money again. She then makes the same gesture associated with Irvington-XIV Norteno gang members with her right hand.

Law enforcement were also able to view several Instagram videos from the Instagram account "muffinbzzz510," which has previously been identified by law enforcement as belonging to HEWITT.[1] In a video posted on HEWITT's "story" on September 30, 2020, a number of marijuana products are displayed and HEWITT can be heard narrating. Text over the video stated "Beat ur plugs price daily." Law enforcement understand the term "plug" to refer to a drug dealer. The next clip showed a prescription bottle cap with approximately 20-30 light blue circular pills that are consistent with counterfeit Oxycontin 30 mg pills containing fentanyl for sale. HEWITT also displayed Xanax pills which law enforcement also believe to contain fentanyl.

In a second video posted on October 1, 2020, various marijuana products were displayed while HEWITT narrated stating "edibles online," a reference to the fact that the marijuana was for sale. In a third video posted on October 6, 2020, HEWITT poured numerous Xanax and Oxycontin pills into a pill cap, consistent with advertising the sale of the pills. Examples of screenshots from the videos are below:

---

[1] "Muffin" is also HEWITT's known nickname and HEWITT can be seen in numerous of the pictures posted on the account.

U.S. MEMO ISO PRETRIAL DETENTION            3
3:20-mj-71872 MAG





Finally, in a video from approximately December 1, 2020, two hooded individuals can be seen with their faces covered. The individual on the right in the photo(depicted below) appears to be HEWITT based on the build and skin complexion, and she is seen holding a black pistol in her hand with a weaponlight. The banner displayed shows an emoji of a clown, "SAYING THEY WANT ME NEVA HIDIN."



## ARGUMENT

### I. LEGAL STANDARDS

The Bail Reform Act of 1984 permits pretrial detention of a defendant without bail where "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). Detention is

appropriate where a defendant is either a danger to the community or a flight risk; it is not necessary to prove both. *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985). A finding that a defendant is a danger to the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f)(2)(B). A finding that a defendant is a flight risk need only be supported by a preponderance of the evidence. *Motamedi*, 767 F.2d at 1406. "[T]he Bail Reform Act mandates an [1] individualized evaluation [2] guided by the factors articulated in § 3142(g)." *See United States v. Diaz-Hernandez*, 943 F.3d 1196, 1199 (9th Cir. 2019). Categorical grants or denials of bail, not tethered to an individualized determination, are impermissible. *Id*. Consideration of factors outside the articulated factors set forth in Section 3142 is also disfavored. *Id*.

The Court must consider four factors in determining whether the pretrial detention standard is met: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, as well as whether the crime was committed while the defendant was on probation or parole; and (4) the nature and seriousness of the danger to any person or to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g); *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986).

## II. **HEWITT IS A DANGER TO THE COMMUNITY**

Hewitt's offense conduct here is very serious. Hewitt was found in possession of a firearm with an extended magazine, as well as twenty-five rounds of ammunition and over two pounds of marijuana.

The seriousness of the charged offense is reinforced by statutory mandate. Congress passed Section 922(g) to "disarm groups whose members Congress believes are unable or unwilling to conduct themselves in conformity with the responsibilities of citizenship." *United States v. Torres*, 911 F.3d 1253, 1264 (9th Cir. 2019) (internal quotation marks omitted). That statutory goal bears directly on the question of detention here because (as demonstrated by his violent criminal history, which includes multiple instances of unlawful weapon possession) Hewitt chooses to live by her own rules, not in "conformity with the responsibilities of citizenship."

As for the weight of the evidence, under § 3142(g)(2), this factor also favors detention because the evidence of Hewitt's guilt is overwhelming. The firearm was found in a backpack in a vehicle where Hewitt was the only occupant, and Hewitt initially acknowledged everything in the car was hers, only backtracking when confronted with the contents of the backpack. While this factor is deemed the least important by case law, courts are still "require[d]" to consider it, and it can help establish dangerousness. *United States v. Hir*, 517 F.3d 1081, 1090 (9th Cir. 2008) (finding that "the weight of the evidence clearly and convincingly establishe[d]" a likelihood that the defendant would pose a danger if released). Likewise, overwhelming evidence of Hewitt's guilt "makes it more likely that [s]he will flee," particularly in light of the term of imprisonment that Hewitt potentially faces here. *United States v. Gebro*, 948 F.2d 1118, 1122 (9th Cir. 1991).

Hewitt's history and characteristics, including her criminal history, including a propensity for violence, and her performance under court supervision considered under §§ 3142(g)(3) and (g)(4), also strongly favor detention. Hewitt has demonstrated that she is not merely a passive possessor of firearms – rather her violent beating of a victim using a firearm is evidence that she can and will inflict violence using a firearm. Hewitt has also indicated that if released, she is likely to acquire another firearm. She has previously been convicted for possessing a firearm despite her status as a felon, she has posted on social media with a firearm, and when she arrested on the federal warrant she had acquired yet another firearm.

Hewitt's drug dealing also presents a danger to the community. Hewitt had over two pounds of marijuana on her during her arrest for the underlying conduct, as well as plastic baggies and a scale. Moreover, Hewitt's videos posted on social media suggest she may be selling fentanyl, and other substances, as well. The dangerous consequences of fentanyl cannot be overstated.[2]

For those reasons, Hewitt presents a danger to the community. The danger posed to the community by firearms and drug offenses is well-established. *See, e.g.*, *United States v. Daychild*, 357 F.3d 1082, 1100 (9th Cir. 2004) (approving detention on danger prong due to defendant's possession of firearms and stating that "danger posed to the public by armed conspirators who traffic in illicit drugs is

---

[2] https://www.sfchronicle.com/politics/article/More-than-one-person-a-day-died-in-SF-of-an-15529006.php.

too plain to permit dispute."); *United States v. Torres*, 911 F.3d 1253, 1264 (9th Cir. 2019) (internal quotation marks omitted) (Congress passed Section 922(g) to "disarm groups whose members Congress believes are unable or unwilling to conduct themselves in conformity with the responsibilities of citizenship"); *United States v. Zaragoza*, 2008 WL 686825, at *3 (N.D. Cal. Mar. 11, 2008) (Spero, J.) ("In assessing danger, physical violence is not the only form of danger contemplated by the statute.  Danger to the community can be in the form of continued narcotics activity or even encompass pecuniary or economic harm.").

Finally, Hewitt was on probation when she committed the underlying offense, and was also on probation at the time she sustained her prior state conviction for being a felon in possession of a firearm. This shows that Hewitt is not amenable to pretrial supervision, is a serious risk of nonappearance, and is a danger to the community. Despite Hewitt's repeated offenses, she has refused to stop her criminal behavior, and has apparently made no attempts to change her ways.

To the extent Hewitt argues that the COVID-19 pandemic minimizes the risk she poses, the COVID-19 pandemic does not meaningfully shift the balance of the Section 3142(g) factors in Hewitt's favor.[3] The conduct Hewitt has exhibited in the past, including her repeated acquisition of firearms, and her violent pistol whipping of a victim, would be a significant danger to the community and given that California probation has not found a way to mitigate that danger, there is no reason to believe that this Court could fashion conditions that would adequately mitigate it.

The community itself is more vulnerable to the danger posed by Hewitt given the COVID-19 pandemic. This is because first responders are focused on mitigating the effects of the COVID-19 outbreak, reducing the ability to prevent and respond to wrongdoing. Indeed, as a district court in

---

[3] In a written order, United States Magistrate Judge Susan van Keulen rejected a motion for release premised on the emergence of COVID-19, concluding that the existence and spread of COVID-19 did nothing to undermine the Court's previous findings regarding risk of flight and danger to the community. *United States v. Trujillo*, No. 20-cr-00028-EJD-1 (SVK), Dkt. 15 (N.D. Cal.); *see also*, *e.g.*, *United States v. Sanchez*, No. 19-CR-00576-VC (JSC), Dkt. 23 (N.D. Cal.) (oral order denying bail motion premised on COVID-19 concerns); *United States v. Traore*, No. 20-CR-029-VC (JSC), Dkt. 28 (N.D. Cal.) (same); *United States v. Campos*, No. 19-CR-0280-RS (JSC), Dkt. 95 (N.D. Cal.) (same); *but see In the Matter of the Extradition of Alejandro Toledo Manrique*, No. 19-mj-71055-MAG-1 (TSH), Dkt. 115 (granting motion for release premised on COVID-19 concern in extradition proceeding, with different standards for release than under the Bail Reform Act, where defendant was more than 70 years old).

Maryland observed, installation of location monitoring tools poses a risk to United States Pretrial Services officers "given the current recommendations regarding implementation of social distancing." *United States v. Martin*, 2020 WL 1274857, Case No. PWG-19-140-13 (D. Md. Mar. 17, 2020).

In the current climate, irresponsible social habits can also endanger the health of the community. Hewitt has shown an unwillingness or inability to follow rules, and a disregard for the welfare of others. Her failure to follow rules poses particular dangers to the community.

Hewitt poses a significant danger to the community, and she cannot show that the risk of contracting COVID-19 (a risk that applies in the community as well) makes her any less of a danger. There are no conditions or combination of conditions that reasonably mitigate Hewitt's risk of flight or dangerousness to the community and she should be detained pending trial.

## CONCLUSION

For the foregoing reasons, the Court should grant the government's motion to detain Hewitt pending trial.

DATED: December 22, 2020               Respectfully submitted,

                                       DAVID L. ANDERSON
                                       United States Attorney


                                       _____/s/_____
                                       MOLLY K. PRIEDEMAN
                                       Assistant United States Attorney