AO 245D (Rev. AO 11/16-CAN 04/18) Judgment in Criminal Case of Revocation

# UNITED STATES DISTRICT COURT
## Northern District of California

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | (For **Revocation** of Probation or Supervised Release) |
| Erika Katherine Hewitt | USDC Case Number: CR-21-00065-001 HSG |
| | BOP Case Number: DCAN421CR00065-001 |
| | USM Number: 23256-509 |
| | Defendant's Attorney: Joyce Leavitt (AFPD) |

**THE DEFENDANT:**

☑ admitted to Charge(s): <u>One and Three</u> of the Petition for Summons filed on <u>August 2, 2024</u>.

☐ was found in violation of Charge(s): _____ after denial of guilt.

The defendant is adjudicated guilty of these violations:

| Charge Number | Nature of Violation | Violation Ended |
|---|---|---|
| One | Committed another federal, state, or local crime | July 10, 2024 |
| Three | Unlawfully possessed a controlled substance | July 10, 2024 |
| | | |
| | | |

The defendant is sentenced as provided in pages 2 through <u>5</u> of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☑ Charge <u>Two</u> is dismissed on motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

| | 8/20/2025 |
|---|---|
| Last Four Digits of Defendant's Soc. Sec. No.: <u>8363</u> | Date of Imposition of Judgment |
| | *[signature]* Haywood S. Gilliam Jr. |
| Defendant's Year of Birth: <u>1996</u> | Signature of Judge |
| | The Honorable Haywood S. Gilliam Jr. |
| City and State of Defendant's Residence: | United States District Judge |
| <u>Hayward, California</u> | Name & Title of Judge |
| | |
| | September 16, 2025 |
| | Date Signed |

AO 245D (Rev. AO 11/16-CAN 04/18) Judgment in Criminal Case of Revocation
DEFENDANT: Erika Katherine Hewitt							Judgment - Page 2 of 5
CASE NUMBER: CR-21-00065-001 HSG

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

Time served.

- ☐ The Court makes the following recommendations to the Bureau of Prisons:

- ☐ The defendant is remanded to the custody of the United States Marshal. The appearance bond is hereby exonerated. Any cash bail plus interest shall be returned to the owner(s) listed on the Affidavit of Owner of Bond Security form on file in the Clerk's Office.

- ☐ The defendant shall surrender to the United States Marshal for this district:
  - ☐ at _____ ☐ am ☐ pm on _____ (no later than 2:00 pm).
  - ☐ as notified by the United States Marshal.

  The appearance bond shall be deemed exonerated upon the surrender of the defendant. Any cash bail plus interest shall be returned to the owner(s) listed on the Affidavit of Owner of Bond Security form on file in the Clerk's Office.

- ☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  - ☐ at _____ ☐ am ☐ pm on _____ (no later than 2:00 pm).
  - ☐ as notified by the United States Marshal.
  - ☐ as notified by the Probation or Pretrial Services Office.

  The appearance bond shall be deemed exonerated upon the surrender of the defendant. Any cash bail plus interest shall be returned to the owner(s) listed on the Affidavit of Owner of Bond Security form on file in the Clerk's Office.

# RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____ at
_____ , with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245D (Rev. AO 11/16-CAN 04/18) Judgment in Criminal Case of Revocation

DEFENDANT:  Erika Katherine Hewitt                                                                                       Judgment - Page 3 of 5
CASE NUMBER:  CR-21-00065-001 HSG

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:  <u>2 years</u>

## MANDATORY CONDITIONS OF SUPERVISION

1) You must not commit another federal, state or local crime.
2) You must not unlawfully possess a controlled substance.
3) You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4) ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5) ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6) ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7) ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245D (Rev. AO 11/16-CAN 04/18) Judgment in Criminal Case of Revocation

DEFENDANT: Erika Katherine Hewitt  
CASE NUMBER: CR-21-00065-001 HSG  
Judgment - Page 4 of 5

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court, and bring about improvements in your conduct and condition.

1) You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of RELEASE, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3) You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4) You must follow the instructions of the probation officer related to the conditions of supervision.
5) You must answer truthfully the questions asked by your probation officer.
6) You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with, for example), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
7) You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by these and the special conditions of your supervision that he or she observes in plain view.
8) You must work at least part-time (defined as 20 hours per week) at a lawful type of employment unless excused from doing so by the probation officer for schooling, training, community service or other acceptable activities. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
9) You must not communicate or interact with someone you know is engaged in criminal activity. You must not associate, communicate, or interact with any person you know has been convicted of a felony, unless granted permission to do so by the probation officer.
10) If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
11) You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12) You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

☐ If the probation officer determines that you pose a risk to a third party, the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk. *(check if applicable)*

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision upon a finding of a violation of probation or supervised release.

(Signed) _____    _____  
          Defendant    Date

_____    _____  
U.S. Probation Officer/Designated Witness    Date

AO 245D (Rev. AO 11/16-CAN 04/18) Judgment in Criminal Case of Revocation

DEFENDANT:  Erika Katherine Hewitt                                                                                  Judgment - Page 5 of 5
CASE NUMBER:  CR-21-00065-001 HSG

## SPECIAL CONDITIONS OF SUPERVISION

Prior Conditions

1. You must pay any special assessment that is imposed by this judgment and that remains unpaid at the commencement of the term of supervised release.

2. You must participate in an outpatient mental health treatment program, as directed by the probation officer. You are to pay part or all cost of this treatment, at an amount not to exceed the cost of treatment, as deemed appropriate by the probation officer. Payments must never exceed the total cost of mental health counseling. The actual co-payment schedule must be determined by the probation officer.

3. You must cooperate in the collection of DNA as directed by the probation officer.

4. You must submit your person, residence, office, vehicle, electronic devices and their data (including cell phones, computers, and electronic storage media), or any property under your control to a search. Such a search must be conducted by a United States Probation Officer or any federal, state or local law enforcement officer at any time with or without suspicion. Failure to submit to such a search may be grounds for revocation. You must warn any residents that the premises may be subject to searches.

5. You must participate in an outpatient program of testing and treatment for drug abuse, as directed by the probation officer, until such time as you are released from treatment by the probation officer. You are to pay part or all of the cost of this treatment, at an amount not to exceed the cost of treatment, as deemed appropriate by the probation officer. Payments must never exceed the total cost of urinalysis and counseling. The actual co-payment schedule must be determined by the probation officer.

6. You must abstain from the use of all alcoholic beverages.

Additional Conditions

7. You must participate in the Location Monitoring Program as directed by the probation officer for a period of (6) months and be monitored by technology at the probation officer's discretion. Location monitoring must be utilized to verify your compliance with home incarceration while on the program. You are restricted to your residence at all times except for medical necessities and court appearances or other activities specifically approved by the court. You must pay all or part of the costs of the program based upon your ability to pay as determined by the probation officer.

8. You must perform thirty (30) hours of community service as directed by the probation officer.

You must pay the total criminal monetary penalties as originally imposed, less any payments already received:

Special Assessment:  None    Fine:  Waived    Restitution:  N/A